UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No.: 19-CR-307H |
| | § | |
| VANESSA BEN, | § | |
| Defendant | § | |

## Plea Agreement

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Rodolfo Ramirez, Assistant United States Attorney, and defendant, Vanessa Ben, and defendant's counsel, Brian T. Hobson, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

## Defendant's Agreement

1.     Defendant agrees to plead guilty to Count 4 of the Indictment. Count 4 charges Defendant with willfully making and subscribing a 2015 Form 1040, U.S. Individual Income Tax Return,

1

which was verified by a written declaration that it was made under the penalties of perjury and which she did not believe to be true and correct as to every material matter, in violation of Title 26, United States Code, § 7206(1). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proven to a jury or judge beyond a reasonable doubt.

## Punishment Range

2.     The statutory maximum penalty for each violation of Title 26, United States Code, § 7206(1) is a term of imprisonment of not more than three years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to one year. Title 18, United States Code, §§ 3559(a)(5) and 3583(b)(3). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such

violation. Title 18, United States Code, §§ 3559(a)(5) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised

Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

5.      Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed.  Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.  Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.  In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.     In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.  Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that she may have received from her counsel, the United States or the Probation Office is a prediction, not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or representation concerning the sentence defendant will receive.  Defendant further understands and agrees that the U.S. Sentencing Guidelines are "effectively advisory" to the Court.  *United States v. Booker*, 125 S.Ct. 738 (2005).  Accordingly, Defendant understands that, although the Court must consult the U.S. Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the U.S. Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7.     Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions

5

made by the United States in this Plea Agreement.

## The United States' Agreements

8.     The United States agrees to each of the following:

(a)     If defendant pleads guilty to Count 4 of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b)     The United States agrees not to oppose defendant's anticipated request to the Court and to the U.S. Probation Office that she receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines for acceptance of responsibility, unless defendant acts inconsistently with acceptance of responsibility or unless the U.S. Probation Office determines that defendant has not accepted responsibility.

(c)     If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

9.     The United States Attorney's Office for the Southern District

of Texas agrees that it will not further criminally prosecute Defendant

6

in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

    (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b) to set forth or dispute sentencing factors or facts material to sentencing;

    (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

    (d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it
        was determined.

## Sentence Determination

11.     Defendant is aware that the sentence will be imposed after

consideration of the United States Sentencing Guidelines and Policy

Statements, which are only advisory, as well as the provisions of Title 18,

United States Code, section 3553(a).      Defendant nonetheless

acknowledges and agrees that the Court has authority to impose any

sentence up to and including the statutory maximum set for the offense

to which Defendant pleads guilty, and that the sentence to be imposed is

within the sole discretion of the sentencing judge after the Court has

consulted the applicable Sentencing Guidelines.  Defendant understands

and agrees that the parties' positions regarding the application of the

Sentencing Guidelines do not bind the Court and that the sentence

imposed is within the discretion of the sentencing judge.  If the Court

should impose any sentence up to the maximum established by statute,

or should the Court order any or all of the sentences imposed to run

consecutively, Defendant cannot, for that reason alone, withdraw a guilty

plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12.   Defendant understands that by entering into this Agreement, she surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights of a defendant include the following:

(a)   If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all so agree.

(b)   At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

(c)   At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

13.    Defendant is pleading guilty because she is in fact guilty of the charges contained in Count 4 of the Indictment.  If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.  The following facts, among others would be offered to establish Defendant's guilt:

14.    In 2012, Defendant began preparing and filing federal income tax returns under the business Anchor Tax Services and Bookkeeping, Inc. in Houston, Texas.  The Defendant used Santa Barbara Tax Products Group ("Santa Barbara") to file returns.  Santa Barbara withheld the Defendant's fees from each return and sent the Defendant the money.

15.    Starting in 2012 the Defendant used Drake Software ("Drake") to help her fill out her clients' tax returns.  From 2012 through 2015, the Defendant received income from Drake that she did not report.

16.    The Defendant electronically filed her 2012 through 2015 Forms 1040 Individual Income Tax Returns in Houston, Texas under

written declaration that each return was made under the penalties of perjury. The defendant willfully failed to report a portion of the amount she received from Santa Barbara, and Drake on her tax returns for the years 2012 through 2015. The government alleges, for 2012 she failed to report $191,267, for 2013 $37,401, for 2014 $95,039, and for 2015 $304,937. The Defendant admits she failed to report income, but does not agree with the government's calculations regarding the amounts.

17. The Defendant electronically submitted her 2015 federal income tax return to the IRS in her name under penalty of perjury, which the Defendant did not believe to be true and correct as to every material matter. Defendant willfully claimed the materially false items of business income or (loss) of $5,133 (IRS Form 1040 line 12); taxable income of $0 (IRS Form 1040, line 43); total tax of $725 (IRS Form 1040, line 63); and an income tax refund of $7,712 (IRS Form 1040, line 76(a)). The 2015 income tax return was prepared and signed in Houston, Texas.

18. The United States and the Defendant do not agree on the total tax loss and plan to make their arguments at sentencing.

## Breach of Plea Agreement

19.    If defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand.  If at any time Defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.  Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Restitution, and Fines - Generally

20.    This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she

exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

21. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

22. Defendant agrees to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title, and signing any other documents

necessary to effectuate such transfer. Defendant also agrees to direct

any banks which have custody of her assets to deliver all funds and

records of such assets to the United States.

23.    Defendant understands that restitution, and fines are

separate components of sentencing and are separate obligations.

## Restitution

24.    Defendant agrees to pay full restitution to the victim

regardless of the count of conviction. As noted above, Defendant agrees

to pay restitution to the IRS in this case of at least $15,000.00.

Defendant understands that under 26 U.S.C. §6201(a)(4), the IRS will

use the amount of restitution ordered as the basis for a civil assessment

of taxes. Defendant stipulates and agrees that as a result of her

criminal conduct, the victim incurred a monetary loss of at least

$15,000.00. Defendant understands and agrees that the Court will

determine the amount of restitution to fully compensate the victim.

Defendant agrees that restitution imposed by the Court will be due and

payable immediately and that Defendant will not attempt to avoid or

delay payment. Subject to the provisions of paragraph 5 above,

Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

25.    Defendant agrees to make any restitution payments ordered to the Clerk of Court, including on each payment Defendant's name, social security number, the district court's docket number assigned this case, the tax periods to which the restitution has been ordered, and a statement that the payment is being submitted pursuant to the Court's restitution order.  Defendant shall also include with the restitution payment a request that the Clerk of Court send the information and restitution payment to the IRS at the following address:

> IRS-RACS
> Attn.: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

Defendant also agrees to send a notice of any restitution payment made to the Clerk of Court to the IRS at the above address.

26.    Defendant agrees to sign any IRS forms deemed necessary by the IRS to enable the IRS to make an assessment of any amount ordered in restitution, including but not limited to IRS form 8821

entitled "Tax Information Authorization."

## Fines

27.     Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.  Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.  Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Criminal Tax Loss and Civil Tax Liability

28.     Defendant understands that the amounts of relevant conduct and restitution found by the court in this criminal case do not limit the IRS in determining any additional civil taxes that defendant owes on her own U.S. Individual Income Tax Years.  Defendant understands that the IRS is free to civilly audit any of Defendant's U.S.

Individual Income Tax Years and may seek additional taxes, penalties, and interest for those income tax years.

29.    Defendant agrees not to file any claim for refund of any amount ordered or paid in restitution in this case. Defendant further agrees not to file any action in a U.S. District Court, in the U.S. Tax Court, or in the U.S. Court of Federal Claims seeking a refund, offset, or other recovery of any amounts ordered or paid in restitution in this case.

30.    Defendant agrees to cooperate fully with the Internal Revenue Service in determining the correct civil tax liabilities of the income tax returns of any taxpayer involved in this case and in this investigation, along with all income tax returns of Defendant herself. Defendant agrees to make all books, records, and documents in her possession, custody, or control available to the Internal Revenue Service for use in computing all civil tax liabilities of any taxpayers, including herself.

31.    Nothing in this plea agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any

taxes, penalties, or interest due from any taxpayer. Defendant agrees that this plea agreement and any judgment, order, release, or satisfaction issued in connection with this plea agreement will not satisfy, settle, offset, or compromise Defendant's obligation to pay the balance of any civil liabilities, including additional taxes, penalties, or interest, on any of Defendant's own U.S. Individual Income Tax Years.

### Complete Agreement

32.     This written Plea Agreement, consisting of 21 pages, including the attached addendum of Defendant and her attorney, constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

33.     Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, this _5_ day of __November__ , 2019.


_Vanessa Ben_
Vanessa Ben
Defendant


Subscribed and sworn to before me on this _5_ day of __November__ ,
2019.


David J. Bradley, Clerk
United States District Clerk


By: _Sam M. Cuvcuncu_
Deputy United States District Clerk


Approved:
RYAN K. PATRICK
United States Attorney

_Rodolfo Ramirez_
Rodolfo Ramirez
Assistant U. S. Attorney
Southern District of Texas
Telephone: (713) 567-9000
Facsimile: (713) 718-3304

_Brian T. Hobson_
Brian T. Hobson
Atty. for Vanessa Ben
440 Louisiana St., Suite 200
Houston, TX 77002
Tel: (713) 223-5575
Fax: (713) 224-2815

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA §
§
v.                              §    Cr. No.: 19-CR-307H
§
VANESSA BEN,                    §
    Defendant                   §

## Plea Agreement Addendum

I have fully explained to Defendant her rights with respect to the
pending Indictment. I have reviewed the provisions of the United
States Sentencing Commission's Guidelines Manual and Policy
Statements, and I have fully and carefully explained to Defendant the
provisions of those Guidelines which may apply in this case. I have also
explained to Defendant that the Sentencing Guidelines are only
advisory and the court may sentence Defendant up to the maximum
allowed by statute per count of conviction. Further, I have carefully
reviewed every part of this Plea Agreement with Defendant. To my
knowledge, Defendant's decision to enter into this Agreement is an

informed and voluntary one.

_____     _____11-5-19_____
Brian T. Hobson            Date
Attorney for Defendant

    I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Agreement and I voluntarily agree to its terms.

_____     _____11-5-19_____
Vanessa Ben                Date
Defendant